UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DANIEL MOYLE,

                Plaintiff,

  -against-

UNITED PARCELS SERVICE, INC.,

                Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
24-cv-3874 (CBA)

**AMON, United States District Judge:**

On March 18, 2020, Daniel Moyle filed an employment lawsuit in this district against United Parcel Service, Inc. ("UPS").[1] On October 26, 2023, the district court dismissed that lawsuit without prejudice. On January 28, 2024, Moyle filed a lawsuit based on the same conduct in New York state court. UPS timely removed Moyle's new lawsuit to this Court. Now, UPS moves to dismiss that lawsuit as time barred. For the reasons set out below, I grant UPS's motion.

## BACKGROUND

On March 18, 2020, Moyle, along with other former employees of UPS (together, "Initial Plaintiffs"), filed a lawsuit in this district against UPS alleging violations of New York and federal labor law. (ECF Docket Entry ("D.E.") # 19 ("Def. Mot.") 3-4.) Initial Plaintiffs' complaint alleged that UPS denied employees overtime pay and retaliated against employees who reported workplace issues. (Def. Mot. Ex. A.) On October 26, 2023, after Initial Plaintiffs filed a Fifth Amended Complaint that contained only state law claims, the district court dismissed Initial Plaintiffs' lawsuit without prejudice for lack of subject matter jurisdiction. (Def. Mot. Ex. B.) On January 28, 2024, Moyle filed a new lawsuit against UPS in New York state court, this time as a

---

[1] UPS's name is misspelled in the caption of this case, Moyle v. United Parcels Service, Inc.

1

sole plaintiff alleging only state law claims. (Def. Mot. Ex. C ("Current Compl.").) In this new lawsuit, Moyle alleged the same conduct as Initial Plaintiffs had alleged. (Id.)

On May 30, 2024, UPS removed this lawsuit to this Court, and it was assigned to me. (D.E. # 1.) On October 11, 2024, UPS filed a motion to dismiss Plaintiff's lawsuit as time barred. (Def. Mot.) Moyle responded to this motion (D.E. # 22 ("Pl. Opp.")) and UPS filed a reply (D.E. # 21 ("Def. Reply")).

## DISCUSSION

A district court may decide a statute of limitations defense on a Rule 12(b)(6) motion if it presents itself on the face of a plaintiff's complaint. Ellul v. Congregation of Christian Bros., 774 F.3d 791, 798 n.12 (2d Cir. 2014) (citing Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008)). Where, as here, a federal court sits in diversity, it "applies the forum state's statute of limitations provisions, as well as any provisions that govern the tolling of the statute of limitations." Vincent v. Money Store, 915 F. Supp. 2d 553, 562 (S.D.N.Y. 2013). In New York, a defendant "bears the initial burden of proving, prima facie, that the time in which to sue has expired," and if the defendant meets that burden, "the burden then shifts to the plaintiff" to establish "that his or her cause of action falls within an exception to the statute of limitations." Kogut v. Vill. of Chestnut Ridge, 214 A.D.3d 777, 778-79 (2d Dep't 2023) (cleaned up).

### I. UPS Has Made a Prima Facie Showing that the Statute of Limitations Has Expired

Moyle's complaint contains three causes of action: an unjust enrichment claim under New York common law, a retaliation claim under New York City Human Rights Law (NYCHRL) § 8-107, and a retaliation claim under New York Labor Law (NYLL) § 740. The statute of limitations for an unjust enrichment claim under New York common law is either three or six years from accrual. See City of Almaty v. Sater, 503 F. Supp. 3d 51, 64-66 (S.D.N.Y. 2020) ("New York's

intermediate appellate courts have split in their treatment of the statute of limitations for unjust enrichment. The Second Department has held that the three-year limitations period . . . applies to a claim for unjust enrichment whenever a plaintiff seeks monetary relief. . . . The First Department . . . has applied the six-year limitations period when a claim for unjust enrichment rests on facts that also support another claim governed by a six-year statute of limitations, even when the plaintiff seeks damages."). The statute of limitations for a NYCHRL claim is three years from accrual. Bermudez v. City of New York, 783 F. Supp. 2d 560, 573-74 (S.D.N.Y. 2011). The statute of limitations for a NYLL § 740 claim is two years from accrual. NYLL § 740(4).

Moyle alleges that UPS was unjustly enriched when, between 2015 and 2017, UPS's employees directed Moyle to make "out-of-pocket cash payments to car accident victims" and failed to reimburse Moyle. (Current Compl. ¶¶ 64-65.) Even if Moyle's unjust enrichment claim only accrued at the very end of 2017, and even if a six-year statute of limitations period applied, that period elapsed by the time that Moyle filed the complaint in this lawsuit in 2024. Likewise, even if Moyle's NYCHRL and NYLL retaliation claims only accrued when his employment with UPS ended in August 2019, (Current Compl. ¶ 7), the three-year NYCHRL period and the two-year NYLL period elapsed by the time that Plaintiff filed the complaint in this lawsuit. Thus, UPS has met its prima facie burden of proving that the statute of limitations has expired for each of Moyle's causes of action.

**II.     Moyle Has Failed to Prove that an Exception to the Statute of Limitations Applies**

If not for Initial Plaintiffs' March 2020 complaint, Moyle's January 2024 complaint would indisputably be untimely, and my analysis would end there. But since the March 2020 complaint was clearly timely filed, I must consider Moyle's argument that CPLR § 205(a) renders the January 2024 complaint timely as well. (Current Compl. ¶ 4.) Section 205(a) applies when five criteria

are met: (1) a plaintiff has timely filed a lawsuit; (2) the statute of limitations for the plaintiff's claim elapses at some time after filing; (3) the lawsuit is terminated for some reason other than voluntary dismissal; (4) the plaintiff files a new complaint based on "the same transaction or occurrence"; and (5) the new complaint is filed and served within six months of the prior lawsuit's termination. If these criteria are all met, the plaintiff's new lawsuit is considered timely. E.g., Diaz-Ortiz v. Rodriguez, 236 AD.3d 543 (1st Dep't 2025). At issue here is the fifth criterion: whether Moyle filed and served his complaint in this lawsuit within six months of the dismissal of Moyle's original lawsuit. Those six months elapsed on April 26, 2024. Moyle filed this lawsuit on January 28, 2024. (Pl. Opp. 3.) But Moyle acknowledges that he did not serve UPS until May 2, 2024. (Id.) Moyle does not claim to have complied with CPLR § 205(a). Instead, he offers various reasons for me to excuse his noncompliance, none of which are availing.

### A. Error by a Process Server Does Not Extend the Service Period Under CPLR § 205(a)

In his opposition to UPS's motion to dismiss, Moyle directs me to a letter and an affidavit that his counsel filed on June 14, 2024. (Pl. Opp. 3.) In that affidavit, Moyle's counsel explained that he hired a process server company called "We Serve Law" on April 5, 2024, and expected that because he had paid for "priority service," "We Serve Law" would serve UPS by April 7, but that it in fact "hired a third party to execute the service," which only served UPS on May 2, 2024. (D.E. # 10-1 ("Pl. Counsel Affidavit") ¶¶ 17, 20, 27, 29.)[2] Moyle provided an affidavit from an employee of "We Serve Law" affirming this series of events. (D.E. # 10 Ex. 12.) Moyle argues that because of the third-party server's error, I should retroactively grant "a limited extension of 5

---

[2] Moyle has essentially incorporated his June 14, 2024 filing – made ahead of the pre-motion conference on this motion – into his opposition to UPS's motion to dismiss. (See Pl. Opp. 3 ("The June 13 (sic) letter and affidavit of Tyrone A. Blackburn thoroughly detail what occurred and provide the Court with relevant case law demonstrating that Plaintiff was in no way negligent in perfecting service and deserves a limited extension of 5 days to perfect service.").) Thus, I consider that filing in deciding UPS's motion.

4

days to perfect service," (Pl. Opp. 3), because Moyle's counsel "was made to believe that the service of process was completed on April 7, 2024" and because Moyle's counsel had "used [the same process server] for over four years and [had] never experienced any service delays or issues in the past," (id. 5.)

To support the proposition that I should grant an extension for service under CPLR § 205(a), Moyle cites a variety of cases in which a court granted an extension for service under CPLR § 306-b. See (Pl. Counsel Affidavit ¶¶ 36-54.) But as UPS points out, (Def. Mot. 6), § 306-b is an unrelated statute. It establishes a 120-day period for a plaintiff to serve a defendant after filing his complaint; it has nothing to do with what a plaintiff must do to render timely an otherwise untimely complaint.[3] In only one case cited by Moyle did a court grant an extension for time to serve under CPLR § 205(a): Marinelli v. Sroka, 8 Misc.3d 863, 866-67 (N.Y. Sup. Ct. 2005). (Pl. Counsel Affidavit ¶ 53.) But Moyle cites no case from the intervening 20 years that relies on Marinelli to grant an extension under § 205(a).[4] In fact, the Appellate Division has since rejected the viability of such an extension. See U.S. Bank N.A. v. Derissaint, 193 A.D.3d 790, 792 (2d Dep't 2021) (noting that a trial court "could not have extended the time to serve the defendant" where the § 205(a) period had elapsed). Mira v. Argus Media, 22 A.D.3d 528, 529 (1st Dep't 2023) ("Discretionary extensions of time to effect service under CPLR 306-b do not 'negate or nullify' the filing and service requirements of CPLR 205(a)." (quoting Pyne v. 20 E. 35 Owners Corp., 267 A.D. 2d 168, 169 (1st Dep't 1999))). Moreover, Marinelli cannot be squared with the

---

[3] It is undisputed that Moyle has complied with § 306-b in this case.
[4] In his June 14 affidavit, Moyle's counsel cites Rochester v. Cnty. of Nassau, No. 611519/2019, 2021 N.Y. Misc. LEXIS 58094 (N.Y. Sup. Ct. Aug. 27, 2021), which quotes Marinelli and grants an extension for service in a case involving § 205(a). (Pl. Counsel Affidavit ¶ 53.) But Rochester stands for a different proposition – that in an action refiled under § 205(a), a court can extend § 306-b's 120-day service period for good cause. Rochester, 202 N.Y. Misc. LEXIS 58094, at *15. As noted supra n.3, that is not at issue here. The Rochester court did not extend the six-month period between dismissal and service for a new complaint under § 205(a); rather, it determined that the plaintiff had served the defendant within that six-month period. Id. at *14.

5

text of the Civil Practice Law and Rules. Extensions under § 306-b are permissible because § 306-b says so; it directs that "[i]f service is not made upon a defendant within the time provided in [that] section, the court, . . . upon good cause shown or in the interest of justice, extend the time for service." When the New York Court of Appeals enumerated the factors a court should consider before granting an extension for service, it did so based on the § 306-b language. See Leader v. Maroney, Ponzini & Spencer, 761 N.E.2d 1018, 1023-25 (N.Y. 2001). But § 205(a) does not contain comparable language. There is no reason to believe that the Civil Practice Law and Rules' authors intended to allow for extensions under § 205(a) but simply declined to say so, particularly because they went to the trouble of explicitly providing for extensions under § 306-b and because § 201 decrees that "[n]o court shall extend the time limited by law for the commencement of an action."

The New York Court of Appeals has not considered the question of whether courts may grant extensions for service under § 205(a). Without its guidance, my duty is to determine "how [it] would decide the issue." In re Brooklyn Navy Yard Asbestos Litig., 971 F.2d 831, 850 (2d Cir. 1992). Considering § 205(a)'s text, I find it more likely that the Court of Appeals would follow Derissaint than Marinelli. Faced with the same fact pattern involving the same counsel as this case, another court in this district reached the same conclusion. See Welsh v. United Parcels Service, Inc., No. 24-cv-3876 (AMD) (PK), 2025 WL 754039, at *4 (E.D.N.Y. March 10, 2025) ("In short, the Court may extend the time to serve under CPLR § 306-b in the interest of justice, but that discretionary authority does not allow the Court to extend the six-month service deadline set by the legislature in CPLR § 205(a)."); see also Schwartz v. City of New York, No. 157793/2023, 2025 N.Y. Misc. LEXIS 5184, at *7 n.7 (N.Y. Sup. Ct. May 9, 2025) (rejecting plaintiff's request to retroactively extend service under § 205(a) and declining to follow Marinelli

because "that decision relies, without much analysis, on Leader without accounting for the textual differences between CPLR 205(a) and CPLR 306-b").

Thus, Moyle's argument that I should extend the six-month period set out by § 205(a) fails.

### B. The Law of the Case Doctrine Does Not Apply

Moyle further argues that the law of the case doctrine requires me to deny UPS's motion to dismiss. (Pl. Opp. 3.) This doctrine, "although not binding, counsels a court against revisiting its prior rulings in subsequent stages of the same case absent cogent and compelling reasons." In re Peters, 642 F.3d 381, 386 (2d Cir. 2011) (quotation omitted). Moyle argues that because two other district courts have declined to dismiss the complaints in Murray v. UPS, No. 20-cv-1427-MKB-LB (E.D.N.Y. filed March 18, 2020), and Welsh v. United Parcel Services, No. 24-cv-3876-AMD-PK (E.D.N.Y. filed May 30, 2024), "[t]he law of the case doctrine kills [UPS's] attempts to rid [itself] of Judge Brodie's order and opinion." (Pl. Opp. 4.)

Moyle is wrong for two reasons. First, neither Murray nor Welsh is the "same case" as this lawsuit. Moyle filed this lawsuit after Chief Judge Brodie dismissed Murray without prejudice for lack of subject-matter jurisdiction. (See Current Compl. ¶¶ 3-4.) And in its current form, Welsh is brought by a different plaintiff. See Welsh, D.E. # 19 Ex. C. Second, neither Murray nor Welsh resolved the issue being decided here in favor of Moyle. Murray was indisputably timely filed, so there was no question of whether CPRL § 205(a) applied. And as I have discussed supra p.6, UPS successfully moved to dismiss Welsh as time barred. See Welsh, D.E. # 27.

### C. Plaintiff's Reliance on Federal Procedural Law is Futile

At various points in his opposition to UPS's motion to dismiss, Moyle relies on federal procedural law. Moyle claims that UPS "inexplicably declined Plaintiff['s] [Federal Rule of Civil Procedure] 4 waiver request" when Moyle asked UPS to waive service. (Pl. Opp. 2.) Moyle cites

cases interpreting federal law to justify extending the deadline to serve UPS. (Id. 4-5.) In fact, Moyle chastises UPS for relying on state law, declaring that state law could not "supersede" the "discretionary power" I have under Federal Rule of Civil Procedure 4(m). (Id. 7-8.)

Moyle's argument seems to rest on the principle underlying Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938) – that federal courts sitting in diversity apply federal procedural law. At first blush, this argument is intuitive. But it is wrong for two reasons. First, CPLR § 205(a) is not a law about how to properly effect service – it is a tolling provision for a New York statute of limitations. As I note supra p. 2, I am bound to apply New York law as to statutes of limitations and tolling provisions. Rule 4(m) has no relevance here, not only because it is federal law but because, like CPLR § 306(b), it has nothing to do with statutes of limitations and their tolling. Second, even if the issue at hand was merely whether Moyle timely served his complaint upon UPS, the Federal Rules of Civil Procedure would not govern; Moyle filed this case in New York state court and effected service prior to removal, and the Federal Rules only apply to a case "after it is removed from a state court." Fed. R. Civ. P. 81(c)(1); cf. Williams v. Connell, No. 12 Civ. 3593 (SLT) (VVP), 2017 WL 2829686, at *4 (E.D.N.Y. June 29, 2017) (noting that, when assessing the timeliness of removal, state law controls as to whether service was properly effected). New York law, not the Federal Rules, governs whether I may grant Moyle an extension to effect service. For the reasons described above, I may not.

## CONCLUSION

For these reasons, the Court GRANTS UPS's motion to dismiss Moyle's complaint as time-barred pursuant to Fed. R. Civ. P. 12(b)(6). The Clerk of Court is directed to enter judgment

accordingly. UPS has indicated that it wishes to move for sanctions against Moyle pursuant to Federal Rule of Civil Procedure 11. (See D.E. # 27.) UPS may file such a motion.

SO ORDERED.

Dated: July 16, 2025
      Brooklyn, New York

/s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge