UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

―――――――――――――――――――――――x
DANIEL MOYLE,

              Plaintiff,

   -versus-

UNITED PARCELS SERVICE, INC.,

              Defendant.
―――――――――――――――――――――――x

REPORT AND RECOMMENDATION

24-CV-3874 (CBA) (CHK)

CLAY H. KAMINSKY, United States Magistrate Judge:

Defendant United Parcel Service ("UPS")[1] moves for Rule 11 sanctions against Plaintiff Daniel Moyle and his attorney, Tyrone A. Blackburn, for pursuing time-barred claims in this matter. For the following reasons, I recommend that Defendant's motion for sanctions be DENIED.

## BACKGROUND

This is one of several lawsuits brought against UPS by a group of former UPS employees represented by counselor Blackburn. Plaintiff Daniel Moyle, along with Fari Murray, Carlos Palaguachi, Robert Santiago, Ahmed Radwan, Tyler Lilly, Roy Welsh, Travis Steele, and Warren Payne (together, the "Initial Plaintiffs"), first filed suit in this District in 2020. *See Murray et al. v. UPS et al.*, No. 20-cv-01427 (MKB) (LB) (the "Initial Action"). The Initial Plaintiffs had alleged violations of the federal

―――――――――
[1] UPS's name is misspelled in the caption of this case, *Moyle v. United Parcels Service, Inc.*

Fair Labor Standards Act, among other claims, but ultimately filed a Fifth Amended Complaint that contained only state law claims. The district court therefore dismissed the Initial Action without prejudice for lack of subject matter jurisdiction on October 26, 2023.

After the Initial Action was dismissed, several of the Initial Plaintiffs brought new suits against UPS in state court based on the allegations underlying the Initial Action. Some of those actions, including this one, were removed to this District.

Moyle filed this action in New York state court on January 28, 2024, after the statute of limitations had run on his claims. *See* ECF No. 28 at 3–4 (Memorandum and Order). He therefore relied on the tolling provision of New York Civil Practice Law and Rules ("CPLR") § 205(a), which renders timely certain otherwise time-barred actions when a prior action based on the same transactions or occurrences has been dismissed for any reason other than voluntary discontinuance, failure to obtain personal jurisdiction over the defendant, failure to prosecute, or a final judgment on the merits. *See* ECF No. 30-5 ¶ 4 (Complaint). Among the criteria for tolling under CPLR § 205(a) is that the new action be filed and served within six months of the prior lawsuit's termination. *See* CPLR § 205(a); ECF No. 28 at 4.

After filing this action in state court—well within the six-month window—Plaintiff's counsel contacted Defendant's counsel by email to inquire whether UPS would waive service of process; Defendant's counsel responded, on February 21, 2024, that UPS refused to do so. *See* ECF No. 10-1 ¶¶ 9–13 (Blackburn Aff.). On April 5, 2024, Plaintiff's counsel retained the services of "We Serve Law," a process server, to

serve Defendant in connection with several separate cases the Initial Plaintiffs were bringing against UPS, including Moyle's. *Id.* ¶ 17. He paid an additional $100 to ensure priority service by April 7, 2024. *Id.* ¶¶ 19–20. Nevertheless, service in this case and others was not effected until May 2, 2024, six months and six days after the dismissal of the Initial Action. *See* ECF No. 28 at 4.

In the months that followed, UPS moved to dismiss the claims in each of these cases as untimely. Counselor Blackburn opposed these motions on behalf of his clients, arguing primarily that the Court should excuse the short delay and extend the time for service in the interest of justice under CPLR § 306-b or Fed. R. Civ. P. 4(m) because he was misled by his process server and UPS had actual knowledge of the claims. He filed Moyle's Opposition to UPS's Motion to Dismiss this action on October 11, 2024. *See* ECF No. 22 (Pl.'s Opp. to Mot. to Dismiss).

The courts consistently granted UPS's motions to dismiss these late-served actions as time barred. On September 12, 2024, the Kings County Supreme Court dismissed *Murray v. UPS et al.*, Index No. 502791/2024. *See* ECF No. 30-2 ¶ 9 (Lajewski Decl.); ECF No. 27-2 (*Murray* order). On March 10, 2025, Judge Donnelly in this District dismissed *Welsh v. UPS et al.*, No. 24-cv-3876 (AMD) (PK). On May 19, 2025, Judge DeArcy Hall in this District granted UPS's motion to dismiss *Moyle et al. v. UPS*, No. 24-cv-3880 (LDH) (LKE), from the bench during a premotion conference. Finally, this Court dismissed the present action by Memorandum and Order dated July 16, 2025. ECF No. 28.

3

On March 11, 2025, while this matter was still pending, Defendant's counsel emailed Plaintiff's counsel a copy of the decision dismissing the *Welsh* companion case and asked to arrange a call to discuss whether the remaining Initial Plaintiffs would voluntarily dismiss their claims. ECF No. 30-11 (Mar. 11, 2025 email). During the ensuing call, which took place on March 17, 2025, Defendant's counsel reportedly told Plaintiff's counsel that Plaintiff had no good faith basis to continue pursuing his claims after the decisions in *Murray* and *Welsh* and informed him "that continuing such claims would give UPS no other choice but to seek sanctions under Rule 11." ECF No. 30-2 ¶ 12. Plaintiff's counsel refused to withdraw the remaining actions, including this action, reportedly on the grounds that doing so would negatively impact a case that Plaintiff's counsel had apparently brought against his process server. *Id.* ¶ 13.

In a follow-up email on May 29, 2025, after the oral ruling dismissing the other *Moyle* case (a putative class action), Defendant's counsel wrote Plaintiff's counsel "to request, again, that you agree to voluntarily dismiss the Moyle single plaintiff case and the Steele single plaintiff case." ECF No. 30-13 (May 29, 2025 email). She wrote:

> We both know that Moyle and Steele's claims are completely barred under CPLR 205(a), and the plaintiffs' insistence on opposing UPS's motions to dismiss is frivolous and without any legal or factual basis.
>
> Please speak with Messrs Moyle and Steele and explain to them that if they do not withdraw their complaints, UPS will seek sanctions against them and your law firm for all attorneys' fees and costs associated with having to file the motions to dismiss.

*Id.* It is unclear from the record whether Plaintiff's counsel responded; what is clear is that the claims were not withdrawn.

4

UPS subsequently submitted a letter motion on June 12, 2025, seeking leave to file the decisions of dismissal in the companion cases as supplemental authority in support of its then-pending motion to dismiss this action. ECF No. 27. In the same letter motion, UPS also requested leave of Court to file a motion for Rule 11 sanctions, arguing briefly:

> In light of the dismissals of [four companion cases], Plaintiff's insistence in opposing UPS's Motion to Dismiss constitutes frivolous conduct under FRCP 11(b)(1). Plaintiff's continuing opposition to UPS's Motion to Dismiss is being presented for the improper purpose of harassing UPS, causing unnecessary delay in the inevitable dismissal of Plaintiff's case, and to needlessly increase the cost of litigation. Plaintiff's insistence in opposing UPS's Motion to Dismiss also constitutes frivolous conduct under FRCP 11(b)(2) in that the prosecution of Plaintiff's time-barred case is neither warranted by existing law nor warranted by a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law. Based on these facts, UPS respectfully requests leave from the Court to file a motion for sanctions.

ECF No. 27 at 3. The request to file a sanctions motion was not, however, noted in the ECF description of this letter on the Court's docket, which reads simply "Letter MOTION for Leave to File Document *in further Support of Defendant United Parcel Service, Inc.'s Motion to Dismiss*."

This Court, the Honorable Carol Bagley Amon, granted UPS's motion to dismiss this action by Memorandum and Order dated July 16, 2025. ECF No. 28. The Court also noted that UPS had indicated that it wished to move for sanctions pursuant to Fed. R. Civ. P. 11 and stated that "UPS may file such a motion." ECF No. 28 at 9.

5

UPS filed the instant motion for sanctions on July 28, 2025, and it was referred to me for a report and recommendation the same day. Oral argument was heard on September 4, 2025.

## LEGAL STANDARD

Federal Rule of Civil Procedure 11(b) provides, in relevant part:[2]

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Rule 11 thus imposes an "affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed." *Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998) (internal quotation marks omitted). If a court determines that Rule 11(b) has been violated, "the court may impose an appropriate sanction." Fed. R. Civ. P. 11(c)(1).

The standard for finding a Rule 11 violation "is purposefully high, so as not to stifle legal creativity and zealous advocacy." *Galin v. Hamada*, 283 F. Supp. 3d 189, 201 (S.D.N.Y. 2017). It is met where "it should have been patently obvious to any attorney who had familiarized himself [or herself] with the law" that the action was

---

[2] As discussed below, UPS seeks sanctions only under Fed. R. Civ. P. 11(b)(2), not, as suggested in its June 12, 2025 letter, also under Fed. R. Civ. P. 11(b)(1), which addresses filings made "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."

6

frivolous, *Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 773 (2d Cir. 1988), or "where it is patently clear that a claim has absolutely no chance of success," *Healey v. Chelsea Res., Ltd.*, 947 F.2d 611, 626 (2d Cir. 1991) (quotation marks omitted). "When divining the point at which an argument turns from merely losing to losing *and* sanctionable," the Second Circuit has instructed district courts "to resolve all doubts in favor of the signer." *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993) (emphasis in original).

If the Court concludes that a Rule 11 violation has occurred, it must then determine, in its discretion, whether sanctions should be imposed. *Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004) ("Even if the district court concludes that the assertion of a given claim violates Rule 11, however, the decision whether or not to impose sanctions is a matter for the court's discretion."); *see also Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012) ("In short, sanctions under Rule 11 are discretionary, not mandatory.") Sanctions, if imposed, "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

## **DISCUSSION**

After careful consideration, I conclude that the instant motion should be denied on the merits because Rule 11 sanctions are not appropriate in these circumstances. Before reaching the merits, however, I address Plaintiff's procedural objections to the motion.

## I.     Procedural Issues

### A.     Rule 11's Safe-Harbor Provision

Plaintiff argues first that Defendant's motion may not be heard because UPS did not comply with the "safe harbor" requirements of Rule 11(c)(2). That subsection provides in relevant part:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2).

The parties agree that Defendant did not serve a separate motion for sanctions on Plaintiff at least 21 days in advance of its filing. *See* ECF No. 31 at 4 (Pl.'s Opp'n); ECF No. 33 at 2 (Def.'s Reply). Plaintiff argues that this failure to comply with Rule 11(c)(2) is dispositive, noting that the Second Circuit has described the safe-harbor provision as "a strict procedural requirement" that informal warnings do not satisfy. *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012); ECF No. 31 at 4. Defendant counters that it substantially complied with the safe harbor provision by providing Plaintiff's counsel with notice of the basis for sanctions and an opportunity to withdraw the untimely complaint and that service of a formal motion would not have caused him to withdraw it. ECF No. 33 at 3–4.

I assume without deciding that the Court may reach the merits of this motion. Although Defendant did not comply with the letter of Rule 11(c)(2), Plaintiff received

8

written notice more than 21 days before Defendant filed this motion of both the factual and legal bases for the motion for sanctions and of Defendant's intent to file a motion for Rule 11 sanctions. "The purpose of the [safe harbor] provision is not to cause a party opposing a frivolous filing to incur costs merely to have the filing withdrawn, but to give the opponent notice and an opportunity to consider withdrawing the filing without the court's involvement." *Star Mark Mgmt.*, 682 F.3d at 177 (finding service of a brief "notice of motion" that identified the bases of an anticipated sanctions motion without any affidavits or memorandum of law to comply with the rule). The purpose is rather "to reduce the number of motions for sanctions and to provide opportunities for parties to avoid sanctions altogether." *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 141 (2d Cir. 2002). The provision therefore requires "that the subject of a sanctions motion be informed (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanction is being considered so that the subject of the sanctions motion can prepare a defense." *Star Mark Mgmt.*, 682 F.3d at 175 (quotation marks omitted). District courts in this Circuit have reached the merits of Rule 11 sanctions motions even where no formal motion was served if counsel was provided with written notice of the anticipated sanctions motion and its bases more than 21 days before filing. *See Montanez v. D&D Auto, LLC*, Case No. 3:15-cv-397 (VAB), 2016 WL 1254199, at *18 (D. Conn., Mar. 29, 2016); *Jeffreys v. Rossi*, 275 F. Supp. 2d 463, 480 n.27 (S.D.N.Y. 2003); *Pannonia Farms, Inc. v. USA Cable*, No. 03 Civ. 7841 (NRB), 2006 WL 2872566, at *6 (S.D.N.Y., Oct. 5, 2006).

9

Plaintiff certainly received notice of the bases for possible sanctions in this matter and had the opportunity to withdraw the untimely complaint. Defendant's counsel repeatedly advised Plaintiff's counsel that this lawsuit was time-barred and that UPS would move for sanctions if he did not withdraw it. At the same time, Plaintiff's counsel received decision after decision finding the companion actions time-barred for the reasons articulated by Defendant's counsel. Finally, UPS sought leave to file a motion for Rule 11 sanctions—albeit as a secondary point in a letter addressed primarily to the then-pending motion to dismiss—and identified the specific conduct that allegedly violated Rule 11(b). That application was made on June 12, 2025. The Court did not dismiss this action and give Defendant leave to file the instant motion until July 16, 2026, *i.e.*, more than 21 days later.

For all these reasons, and because the Court specifically authorized this motion, Defendant is "entitled to a decision on the merits." *Jeffreys*, 275 F. Supp. 2d at 480 n.27 ("Defendants should not be penalized for complying with the Court's order."). But Defendant's failure to comply with the letter of Rule 11's safe harbor provision weighs against imposing sanctions as a discretionary matter, as discussed below.

### B.     State Court Filings

Plaintiff also argues that "Rule 11 does not apply to filings or conduct that occurred in state court prior to removal." ECF No. 31 at 5–6. On this understanding, because this action was originally filed in New York State court, the rules of that court system and not Rule 11 provide the proper mechanisms to police potentially

10

sanctionable filings or conduct that occurred in that system and a motion for sanctions under Rule 11 is improper under the circumstances.

This argument misses the mark, for the reasons articulated by Defendant. *See* ECF No. 33 at 5–6. Rule 11 expressly encompasses "later advocating" a previously presented filing. Fed. R. Civ. P. 11(b). Thus "a litigant's obligations with respect to the contents of these papers . . . include reaffirming to the court and advocating positions contained in those pleadings and motions after learning they cease to have any merit." Fed. R. Civ. P. 11 Advisory Committee Notes to 1993 Amendment. By opposing Defendant's motion to dismiss, Plaintiff's counsel necessarily reaffirmed and advocated for the timeliness of the complaint in this Court.

## II.  Sanctions Against Plaintiff and his Counsel Are Not Warranted.

On the merits, I conclude that Rule 11 sanctions should not be imposed on Plaintiff or his counsel.

### A.  The Court is not empowered to impose sanctions on Plaintiff.

Plaintiff himself may not be sanctioned because he is represented by counsel and no monetary sanction may be imposed "against a represented party for violating Rule 11(b)(2)." Fed. R. Civ. P. 11(c)(5)(A). Although Defendant's June 12, 2025 letter also cited Rule 11(b)(1), which prohibits presenting papers to the Court for an improper purpose, Defendant's motion papers did not specify a subsection of Rule 11(b). Asked to specify at oral argument, Defendant's counsel logically identified only Rule 11(b)(2), which requires that "the claims, defenses and other legal contentions are warranted by existing law or by a nonfrivolous argument for

11

extending, modifying, or reversing existing law or for establishing new law." ECF No. 38 (Sept. 4, 2025 Transcript), Tr. 12:13–16. Accordingly, no sanctions may be imposed on Moyle.

### B.  Plaintiff's counsel made a losing argument, not a frivolous one.

We turn to counselor Blackburn. Plaintiff's counsel has consistently found himself on the losing side of motions to dismiss as a result of the late service he obtained in this set of related cases against UPS. His decision to pursue each of these cases has provoked understandable frustration on the part of UPS, ultimately leading to the filing of this motion for sanctions. Yet losing, even repeatedly, is not sanctionable. Our adversarial system requires lawyers to advocate zealously. Every adjudication produces a loser, so sanctions "must be imposed carefully, lest they chill the creativity essential to the evolution of the law." *Abra Const. Corp. v. Greco*, 230 F.R.D. 385, 386 (S.D.N.Y. 2005) (quotation marks and citation omitted). The question is whether, resolving all doubts in favor of the signer, it was obvious that there was zero chance of success. *Rodick*, 1 F.3d at 1350.

Under this generous standard, I conclude that Mr. Blackburn's attempts to salvage this case "were not so quixotic as to warrant sanctions." *Id.* at 1351. He pressed creative and equitable arguments asking the Court to excuse a short delay in service. His primary argument—that the time for service under CPLR § 205(a) could be extended—was not foreclosed by any precedent of the New York Court of Appeals. *See* ECF 28 at 6. UPS does not contend that this argument was frivolous when first made; it argues, rather, that "after the first dismissal in state court and after the

12

second dismissal in federal court, it became clear that what they were maybe thinking, or hoping to argue, was not going to save the cases." ECF No. 38, Tr. 12:1–4; *see also id.* Tr. 12:17–20 ("[C]ertainly after receipt of the *Welsh* decision by Judge Donnelly, plaintiffs and plaintiff's counsel should have known that there was no non-frivolous argument to make to modify or reverse the existing law."). Yet because these trial-level decisions were not binding on this Court, I do not find they made it "patently clear" that he had "absolutely no chance of success" in this case. *Rodick*, 1 F.3d at 1350.

### C. Discretion

Finally, I conclude that sanctions are inappropriate as a discretionary matter. As discussed above, Defendant did not serve Plaintiff with a separate motion for sanctions as required by the text of Rule 11(c)(2). Although counselor Blackburn was certainly on notice that UPS had threatened sanctions, he plausibly claimed during oral argument that he did not take the threats seriously and that service of a formal Rule 11 motion would have captured his attention and forced him to speak with his client about withdrawing the complaint. *See* ECF No. 38, Tr. 20–22. Under these circumstances, even if I were to find a violation of Rule 11(b)(2), I could not conclude that sanctions are necessary for deterrence.

### **RECOMMENDATION**

For the foregoing reasons, I recommend that Defendant's motion for sanctions be DENIED.

## **OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Any objections to this Report and Recommendation must be filed within fourteen (14) days. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

SO ORDERED.

/s/ Clay H. Kaminsky

Clay H. Kaminsky
United States Magistrate Judge

Dated:   Brooklyn, New York
         February 18, 2026