UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

DANIEL MOYLE,

                        Plaintiff,

    -against-

UNITED PARCEL SERVICE, INC.,

                      Defendant.
---------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
1:24-cv-3874 (CBA) (CHK)

**AMON, United States District Judge:**

On July 28, 2025, Defendant United Parcel Service, Inc. ("UPS") moved for sanctions against Plaintiff, Daniel Moyle, and his attorney, Tyrone A. Blackburn. (See ECF Docket Entry ("D.E.") # 30.) I referred the motion to the Honorable Clay H. Kaminsky that same day. (Text Order dated July 28, 2025.) Before me now is Magistrate Judge Kaminsky's Report and Recommendation ("R&R"), recommending that I deny the motion. (D.E. # 39 ("R&R").) Neither party has objected to Magistrate Judge Kaminsky's R&R, and the time for doing so has passed.

## BACKGROUND

Magistrate Judge Kaminsky's R&R details the history that led to this motion. I also outlined that history in my July Memorandum and Order dismissing Plaintiff's claims against UPS. (D.E. # 28 at 1-2.) Briefly, and as relevant here, Plaintiff filed the instant action in New York state court in January 2024, after a previous action he brought with others had been dismissed. (Id.) This case was one of several filed in the wake of that dismissal, including a putative class action in which he was named plaintiff. (R&R at 1-4.) When he filed the instant action, the statute of

1

limitations had run on his claims. (D.E. # 28 at 2-8.) Because I did not find convincing his argument that an exception to the time-bar applied, I granted UPS's motion to dismiss. (Id.)

Presumably, Plaintiff (and counsel) knew this might happen. State and federal courts had dismissed other, similar cases against UPS, including the putative class action for which Plaintiff served as named plaintiff. (R&R at 3 (detailing these cases).) And in the months prior to UPS's filing of its motion to dismiss, the parties communicated multiple times about Plaintiff's basis for maintaining his claims, and UPS's intention to seek sanctions if Plaintiff did not abandon those claims. (Id. at 4.) When Plaintiff did not abandon his claims, UPS requested—as part of its motion to dismiss—permission to file a motion seeking sanctions, which I granted. (D.E. # 28 at 9.)[1]

## DISCUSSION

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If there has been no objection to an R&R, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

I find no clear error in Magistrate Judge Kaminsky's R&R, to which neither party has objected. First, as Magistrate Judge Kaminsky noted, (R&R at 11-12), I am not empowered to impose sanctions on Plaintiff, a represented party, under Federal Rule of Civil Procedure 11(b)(2). Fed R. Civ. P. 11(c)(5)(A) ("The court must not impose a monetary sanction … against a represented party for violating Rule 11(b)(2).")).[2] As to Mr. Blackburn, sanctions are to be imposed under Rule 11 only where it is "clear under existing precedents that there is no chance of

---

[1] UPS included this request in a letter motion filed as additional support for its motion to dismiss. (D.E. # 27.) But the ECF description of that document said nothing about sanctions.

[2] As Magistrate Judge Kaminsky points out, UPS's motion papers were vague about which section of Rule 11 it was seeking sanctions pursuant to, but counsel seemed to identify only Rule 11(b)(2) at oral argument. (R&R at 11-12.)

2

success and no reasonable argument to extend, modify or reverse the law as it stands." Simon DeBartolo Grp., L.P. v. Richard E. Jacobs Grp., Inc., 186 F.3d 157, 167 (2d Cir. 1999) (citation omitted). And sanctions "must be imposed carefully, lest they chill the creativity essential to the evolution of the law." Abra Const. Corp. v. Greco, 230 F.R.D. 385, 386 (S.D.N.Y. 2005) (quotation omitted).

I will not impose sanctions here. It is true that Mr. Blackburn lost many fights with UPS, and his resolve in the face of defeat has no doubt caused UPS consternation. But I will not impose sanctions in the absence of a showing that his arguments had "no chance of success." As Magistrate Judge Kaminsky reasons, Mr. Blackburn, "pressed creative and equitable arguments" regarding the time for service under New York Civil Practice Law and Rules § 205(a). (R&R at 12.) It is true that those arguments were consistently rejected by other trial courts in other contexts, but as UPS conceded at oral argument, those decisions do not bind me. (D.E. # 38 at 12:6-8.) And UPS acknowledged that it only "became clear" that Mr. Blackburn's arguments might be unsuccessful after these trial court decisions began coming down. (Id. at 12:1-4.) Even if true, that is insufficient to show that the arguments had "no chance of success" when first made. In other words, I agree with Magistrate Judge Kaminsky that because Mr. Blackburn's arguments were not foreclosed by controlling precedent, it cannot be said that it was clear that those arguments had no chance of success. (R&R at 12-13.)

I find no clear error in these determinations, and I adopt Magistrate Judge Kaminsky's R&R in full.[3]

---

[3] Magistrate Judge Kaminsky also declined to impose sanctions as a matter of discretion, finding that they were not "necessary for deterrence." (R&R at 13.) I adopt this conclusion as well.

## CONCLUSION

For the foregoing reasons, Defendant's motion for sanctions is DENIED.

SO ORDERED.

Dated: March 19, 2026
Brooklyn, New York

/s/ Carol Bagley Amon
_____
Carol Bagley Amon

United States District Judge

4